was made in said will in contemplation of the birth of such child, and that that fact could only be shown by the will itself; that whether it did or did not contain such a provision, was a question for the Court, and that he charged them that it did not.

The jury found against the will. The executor moved for a new trial, upon the ground that said charge was erroneous. The refusal of a new trial is assigned as error. Upon the reading of the record, this Court would not hear from plaintiff in error.

Richard Simms and A. Hood, for plaintiff in error.
No appearance for defendant.

By the Court—BROWN, C. J., delivering the opinion.

The third item of James Freeman's will is in these words: "My will is, that, if I should die leaving a child or children, all the property which I possess at the time of my death, be equally divided between my children, or given to one, if no more than one.

"Item 4. In the event I die leaving no child or children, then, in that event, I give and bequeath to my brother, Robert Freeman, of Early county, all of my real estate.

"Item 5. In the event I die leaving no child or children, I give and bequeath to my beloved wife," etc.

These items of this will, taken in connection with the evidence, that the testator had no child at the time he 60    made *the will, leave no doubt on our minds, that in making his will, the testator acted in contemplation of the birth of a child or children to him, during his lifetime, and that it was his intention to make special provision for such child or children. The fact that the only surviving child· was not born at the time of testator's death, makes no difference. It was born within the ordinary period of gestation, after the death of its father, and its rights are precisely the same as they would have been had it been born before his death.

We think the Court below erred in instructing the jury to find a verdict against the will, on the ground that the testator did not contemplate the birth of a child after he made the will, and did not provide for such child by his will.

Judgment reversed.

---

JAMES EDMONDSON, plaintiff in error, v. JOHN SNYDER & COMPANY, defendants in error.

(Atlanta, June Term, 1870.)

MOTION FOR NEW TRIAL—ORDER OF COURT EXTENDING TIME FOR FILING BRIEF OF EVIDENCE—HONEST MISTAKE OF FACT.—A motion was made for a new trial in a case at the term of the Court at which the case was tried, and the interrogatories containing the plaintiff's testimony could not be found, so

as to make out a brief of the evidence as required by the rule of the Court, and it being represented to the Court that the plaintiff's attorney had the interrogatories in his possession, the Court passed an order that the defendant's attorney be allowed until the next term of the Court, to file a brief of the evidence in the case, and that the same be as good and valid as if filed then. At the next term of the Court, the plaintiff's counsel moved the Court to dismiss the motion for a new trial, on the ground that the plaintiff's attorney did not have the interrogatories, which was shown to the Court. The Court dismissed the motion for a new trial, and would not allow the brief of the evidence to be then filed, on the ground that the order of the Court extending the time had been granted on a mistaken assumption of facts:

*Held,* That the order of the Court extending the time for filing a brief of the evidence was the judgment of the Court, and if rendered on a statement of facts honestly believed to have been true at the time, though afterwards shown to have been a mistake as to the plaintiff's counsel having the interrogatories in his possession; still, the judgment of the Court extending the time, should not be set aside on that *ground alone, and the party moving for a new trial be deprived of his rights under the order and judgment of the Court, when acting in good faith, and under an honest mistake as to where the interrogatories were when the same could not be found.

Practice. Motion for New Trial. Mistake. Before Judge Harrell. Terrell Superior Court. November Term, 1869.

John H. Snyder & Company, brought case against James Edmondson, and obtained a verdict and judgment against him at May term, 1869, of said Court. Edmondson's counsel moved at said term for a new trial, without filing any brief of the evidence. The grounds for new trial were, that the verdict was decidedly against the weight of the evidence, and contrary to law and to the charge of the Court. During said May term, the Judge heard the motion and ordered that plaintiff's counsel show cause at the next term, why a new trial should not be had, and that meanwhile said judgment be superseded until further order, and that Edmondson's counsel have until next term to file a copy of said evidence. Said order recited that a brief of the evidence had not been filed, because the interrogatories read by plaintiff's counsel could not be found, and that it was suggested that plaintiff's counsel still had them.

At November term, Mr. Irvin, counsel for Snyder &. Company, for cause, showed that said case was tried on Monday, the first day of said May term, that he remained in Court until the following Friday and obtained leave of absence from the Court (having finished his business there); the Judge called upon the bar to make objections to such leave, if any they had, but no objection was made; said motion for a new trial was made after he left, nor had he any notice of it, or of said supercedeas, or rule, until four months after the Court adjourned, when he called upon the Clerk for a fi. fa. upon said judgment, and was handed a copy of said rule; no copy of the evidence has been made out or filed, nor was any cause shown, nor does any exist, why said motion was not

Edmondson v. Snyder & Co

made, heard and determined at May term aforesaid; because a correct copy of the evidence can not now be made; and lastly, *that the supercedeas was granted upon the idea that Edmondson's attorney had carried from the Court the interrogatories used on the trial, which was not true. These grounds of objection were sworn to.

At the hearing, the Clerk of the Court stated, that at May term aforesaid, Edmondson's counsel called on him for the interrogatories read by Snyder & Company in said case, that he made diligent search in the Clerk's office for them, but could not find them, and, supposing it to be true, told Edmondson's counsel that Snyder & Company's counsel had taken them off; that since last term some of these interrogatories had come into his office, but from what source he did not know. Thereupon Edmondson's counsel moved to file a brief of the evidence under the approval of the Court.

The Judge refused to allow the copy of the evidence filed then, and dismissed the application for a new trial, upon the ground that, having granted the time upon the assumption that Snyder & Company's counsel had said interrogatories, when he did not have them, the order should be rescinded. This action of the Court is assigned as error.

C. B. Wooten, By W. A. Hawkins, for plaintiffs in error.

Lyon, DeGraffenried & Irvin, for defendant.

WARNER, J.

The error assigned to the judgment of the Court below, is the dimissal of the motion for a new trial on the statement of facts contained in the record. The order of the Court extending the time for filing a brief of the evidence, was the judgment of the Court in relation to the subject matter before it, and although that judgment may have been made on a mistaken state of facts, yet, if honestly believed to have been true at the time, the party moving for a new trial who acted under the order and judgment of the Court in filing the brief of the evidence, should not be deprived of his right to his motion for a new trial, when he had acted in good faith and *in accordance with the judgment of the Court giving him until the next term to file a brief of the evidence in the case. Let the judgment of the Court below, dismissing the motion for new trial, be reversed.